Defendant Darryl Mayes has appealed from an order of the Medina County Common Pleas Court that denied his petition for postconviction relief. He has argued that: (1) the trial court incorrectly denied his petition without an evidentiary hearing; and (2) the trial court should not have ruled on the State's motions for summary judgment without providing him an opportunity to respond to those motions.[1] This Court affirms the judgment of the trial court because: (1) defendant's petition for post-conviction relief had no merit and its resolution did not require a hearing; and (2) defendant responded to all of the State's motions for summary judgment.
 I.
On September 15, 1994, following a jury trial, defendant was convicted of aggravated burglary and theft. Among the evidence that led to defendant's conviction was a taped statement by an alleged accomplice in which that accomplice said that defendant had participated in the crime.[2] On December 2, 1994, defendant was sentenced by the Medina County Common Pleas Court for his convictions. He appealed to this Court, and his convictions were affirmed. See State v. Mayes (July 26, 1995), Medina App. No. 2393-M, unreported.
On August 8, 1996, defendant filed a petition for postconviction relief, pursuant to Section 2953.21 of the Ohio Revised Code. He attached an affidavit of his alleged accomplice to his petition. In that affidavit, the accomplice recanted the earlier statement he had made to police and that had been used against defendant at trial. According to the accomplice, a "street friend," identified only as "Taz," participated in the burglary with him, not defendant. Defendant argued that the affidavit exonerated him and entitled him to relief.
On August 15, 1996, the State responded to defendant's petition and moved for summary judgment on the basis that defendant had failed to attach a copy of the accomplice's affidavit to his petition. On August 20, 1996, the State submitted a second motion for summary judgment. In that motion, the State addressed the merits of defendant's claims, conceding that the affidavit had been attached to defendant's petition. Defendant responded to the State's first motion on August 21, 1996, arguing that he had attached a copy of the affidavit to his petition as Exhibit B. On that same day, however, the trial court granted the State summary judgment on the basis that defendant had provided no affidavits in support of his petition for post-conviction relief, in essence granting the State's first motion.
On August 28, 1996, defendant moved the trial court for relief from judgment, pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. No further action was taken by the trial court for approximately one year. On August 29, 1997, the State filed a third motion for summary judgment, which was identical to its second motion. On September 3, 1997, the trial court reviewed the pending motions, granted defendant's Rule 60(B) motion for relief from judgment, and vacated its prior journal entry. It then addressed the merits of the State's motion for summary judgment. It determined that the record supported the original statement to police that had been introduced at trial. It concluded, therefore, that the accomplice's affidavit, in which he recanted his prior statement to police, was not credible. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly denied his petition for postconviction relief without an evidentiary hearing. He has argued that his due process and equal protection rights were violated when the trial court ruled on the State's motion for summary judgment without a hearing.
Section 2953.21 of the Ohio Revised Code, codifying procedures to obtain postconviction relief, does not mandate a hearing in all cases. Section 2953.21(C) and (E) of the Ohio Revised Code; State v. Jackson (1980), 64 Ohio St.2d 107, 110. The pivotal concern is whether there are substantive grounds for relief that warrant a hearing based upon the petition, supporting affidavits, and the files and records of the case.Id. Defendant has argued that the accomplice's affidavit, in which the accomplice claimed that defendant had not participated in the crime, exonerated him and warranted the granting of postconviction relief, or at least a hearing on the matter. Generally, however, recantation of testimony that was given at trial is viewed with "utmost suspicion." State v.Callihan (Feb. 28, 1995), Scioto App. No. 94CA2249, unreported, 1995 Ohio App. LEXIS 792, at *10; State v. Brooks (Mar. 10, 1994), Cuyahoga App. No. 65088, unreported, 1994 Ohio App. LEXIS 910, at *17. Defendant has not suggested any reason the accomplice's statement to police should be treated differently. The fact that defendant presented an affidavit from the accomplice in which the accomplice claimed he lied when he accused defendant of taking part in the crime did not automatically entitle defendant to either the ultimate relief requested or a hearing on the matter. See State v. Howe (Jan. 24, 1996), Montgomery App. Nos. 13969 and 15139, unreported, 1996 Ohio App. LEXIS 176, at *6-7. A trial court may deny a petition for postconviction relief without a hearing if the evidence presented in the petition is negated by the trial record. State v. Kimble (Sept. 22, 1988), Cuyahoga App. No. 54154, unreported, 1988 Ohio App. LEXIS 3824, at *5, citingState v. Perry (1967), 10 Ohio St.2d 175, 178.
In this case, sufficient evidence existed in the record to negate the allegations in the accomplice's affidavit. First, an independent witness who testified at trial partially corroborated the statement of the accomplice received during trial. She identified defendant as a passenger in a car that had been chased by police following an attempted traffic stop. The accomplice was allegedly the driver. Police found gloves and various items from the house that had been burglarized inside that car. In addition, defendant's girlfriend owned the car, providing defendant, arguably, with access to it. Furthermore, an address book with "Darryl Mayes" written inside and a receipt with "D. Mayes" written on it were found in the car, again tying him to the vehicle. That evidence supported the accomplice's statement to police that implicated defendant in the burglary.
The petition and files and records in this case did not show substantive grounds for relief. The trial court, therefore, did not err by denying defendant's petition for postconviction relief without a hearing. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly ruled on the State's motions for summary judgment without providing him an opportunity to respond. He has argued that, because he was not provided an adequate opportunity to respond to either the State's second motion for summary judgment, filed August 20, 1996, or its third motion for summary judgment, filed August 29, 1997, he was denied due process.
Defendant did, however, respond to the State's motions. In his brief in support of his motion for relief from judgment, filed August 28, 1996, defendant asked the trial court to reconsider its award of summary judgment on the State's first motion, filed August 15, 1996. He further asked the court to "consider this motion for relief from judgment contra to [the State's] second motion for summary judgment, [filed August 20, 1996]." (Emphasis in original.) He argued that there was a genuine issue of material fact and that a hearing was necessary. Because he did, in fact, respond to the State's second motion for summary judgment, in which the State addressed the merits of his petition, defendant cannot now complain that he was denied an opportunity to respond.
Defendant has also argued, however, that his response to the State's third motion for summary judgment might have been different from his response to the second motion:
 [T]he State of Ohio would like to have this court believe that because the first opposition and the 60(B) did not have incorporated a documentary affidavit in support that the third opposing reply would not have such either. Such pure speculation can never be reviewed and relied upon as an accurate account of what would [have] or would not
[have] been filed.
(Emphasis in original.) Defendant has not suggested what additional arguments or evidence he would have submitted. It was not unreasonable for the trial court to believe that, because defendant responded to the State's second motion for summary judgment and because the State's third motion for summary judgment was identical to its second, defendant would not have responded to the third motion in any way different from his response to the second. Defendant was not denied an opportunity to respond to the State's motions for summary judgment. His second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- CLAIR E. DICKINSON FOR THE COURT
SLABY, P. J., BAIRD, J., CONCUR
[1] Defendant's assignments of error have been consolidated for ease of discussion.
[2] At trial, the State called the accomplice to the witness stand but, because he was facing similar charges in connection with the burglary, he asserted his privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution. The trial court ruled that, because he refused to testify, he was an unavailable witness. Consequently, his taped statement, implicating defendant in the burglary, was introduced by the State.